STATE, EX REL. PETER FOWLIE ET AL., V. J. A. PAINTER.

[FILED MARCH 9, 1892.]

ORIGINAL application for *mandamus*.

*Lamb, Ricketts & Wilson,* and *J. R. Webster,* for relator:

It is not competent for the legislature to restrict the right of division further than the people themselves in the constitution have seen fit to do. (Cooley on Constitutional Limita-

tions, sec. 64; *State v. Williams,* 5 Wis., 308; *Page v. Allen* 58 Pa. St., 338; *People v. Albertson,* 55 N. Y., 55; *Opinion of the Justices,* 117 Mass., 604; *Baird v. Todd,* 27 Neb., 782.) The constitution clearly intends that only such electors as express themselves on the proposition submitted shall be considered in the count. (*Oakley v. Aspinwall,* 3 N. Y., 568; *State v. Lancaster Co.,* 6 Neb., 482.) The majority rule is a fundamental part of the law and of republican government. (Sec. 1, art. 17, Const.; also sec. 19, art. 3; sec. 24, art. 3; sec. 2, art. 14.) *Mandamus* is the proper remedy. (*State v. Graham,* 17 Neb., 43; *State v. Comr's Lancaster Co.,* Id., 85–87.)

*Sullivan & Gutterson, Kirkpatrick & Holcomb,* and *Thomas Darnall, contra:*

*Mandamus* will not lie. (*Ex parte Ostrander,* 1 Den. [N. Y.], 679; *People v. Commissioners of Emigration,* 22 How. Pr. [N. Y.], 291; *People v. Brooklyn,* 1 Wend. [N. Y.], 318; *People v. Supervisors,* 12 Johns. [N. Y], 414; *Hull v. Supervisors,* 19 Id., 259; *Pack v. Presque Isle Supervisors,* 36 Mich., 377; *Peck v. Kent Supervisors,* 47 Id., 477; *Post v. Sparta,* 63 Id., 323; *State v. Commissioners of Douglas Co.,* 18 Neb., 506; *State v. Weber,* 20 Id., 473; *State v. Clary,* 25 Id., 403.) Principles observed in determining the constitutionalty of statutes. (Cooley's Constituional Limitations, 183; *State v. Robinson,* 1 Kan., 17; *Davis v. Portland Water Committee,* 14 Ore., 98; *Weister v. Hade,* 52 Pa. St., 477.) Plenary power in the legislature for all purposes of civil government is the rule. A prohibition to exercise a particular power is an exception. (*People v. Draper,* 15 N. Y., 532; *Thorpe v. R. & B. R. Co.,* 27 Vt., 140; *Cresap v. Gray,* 10 Ore., 349.) When the lowest limit only is fixed in the fundamental law, the legislature may act without restraint in the ascending scale. (*Alexander County Clerk v. People,* 7 Col., 155; *State v. Supervisors of Portage Co.,* 24 Wis., 49.) The effect of the statute is

State v. Bank of Western.

to increase the number of votes necessary to divide a county which is clearly within the legislative power. (*State v. Winkelmeir*, 35 Mo., 103; *State v. Francis*, 95 Id., 51; *State v. Sutterfield*, 54 Id., 393; *State v. Brassfield*, 67 Id., 331; *State v. Mayor*, 73 Id., 435; *State v. Binder*, 38 Id., 451; *Bassett v. Mayor*, 37 Id., 270; *State v. Swift*, 69 Ind., 505; *Stevenson v. Babcock*, 17 Neb., 188; *State v. Lancaster Co.*, 6 Id., 474; *State v. Gosper*, 3 Id., 285.) If in enacting section 11 the legislature exceeded its authority, not only the section mentioned, but the entire act is void. (Cooley on Constitutional Limitations [6th Ed.], 211, 212; *Monroe v. Collins*, 17 O. St. 665; *State v. Com. of Perry Co.*, 5 Id., 497; *State v. Donsonmay*, 28 Wis., 541; *Campau v. Detroit*, 14 Mich., 276; *Willard v. People*, 5 Ill., 461; *Commonwealth v. Potts*, 79 Pa. St., 164; *Baker v. Braman*, 6 Hill [N. Y.], 47; *State v. Kinzer*, 20 Neb., 176; *Myers v. English*, 9 Cal., 342; *People v. Mathews* 47 Id., 442.

PER CURIAM.

For the reasons stated in the case of *State, ex rel. Packard, v. Nelson, ante*, p. 132, the demurrer to the petition is sustained and the action

DISMISSED.